**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHARON JEAN MANNING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Civil Action No. 3:19-CV-1247-L (BH)** |
| | ) | |
| ANDREW SAUL, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

<u>**FINDINGS, CONCLUSIONS AND RECOMMENDATION**</u>

Based on the relevant findings, evidence, and applicable law, this *pro se* social security appeal should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

## I. BACKGROUND

On November 22, 2016, Sharon Jean Manning (Plaintiff) filed her application for Supplemental Security Income (SSI) disability benefits under Title II of the Social Security Act (Act), seeking benefits beginning in October 2016. (doc. 14-1 at 21,29,119.)[2] Her claim was denied initially on June 6, 2017, and upon reconsideration on September 29, 2017. (*Id*. at 52, 58.) On November 30, 2017 Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (*Id*. at 75-76.) She appeared and testified at a hearing on November 8, 2018. (*Id*. at 19-28.)

At the hearing, Plaintiff's attorney informed the ALJ that he had recommended that

---

[1] By Special Order No. 3-251, this social security appeal was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff withdraw her request for appeal because her allegedly disabling condition, partial blindness, began after her date last insured.  (*Id*. 14-1 at 21.) He asked the ALJ to explain to Plaintiff what that meant.  (*Id*.)   The ALJ explained that under Social Security law, individuals get "quarters of credit" for the time they worked, and based on her past work history, Plaintiff would be entitled to credit that would "get [her] through March 16, 2016," which meant that she had to prove that she became disabled on or before March of 2016. (*Id*. at 21-22.)   The ALJ also stated that because the medical records showed that Plaintiff was not statutorily blind, and the onset of her partial blindness was after her date last insured, she would not qualify for disability insurance benefits based on her work history.  (*Id*. at 22.)  If she became statutorily blind, however, the date last insured would be extended until June 2023, and Plaintiff could reapply for benefits.  (*Id*. at 22-24.) Plaintiff's attorney explained that if Plaintiff went forward with the hearing at that time, the ALJ would be forced to issue a written decision denying her claim.  (*Id*. at 25.)   The ALJ then stated that if she issued a decision denying the application, and if Plaintiff filed for benefits again in the future, she could not go back any further than the date of the decision. (*Id*. at 26.) After additional discussion, Plaintiff stated that she would "just go ahead and drop the appeal." (*Id*. at 27.) The ALJ dismissed Plaintiff's request for hearing and issued an order of dismissal on November 21, 2018. (*Id*. at 15-16.)

On May 25, 2019, Plaintiff filed her complaint under 42 U.S.C. § 405(g) seeking judicial review of the final decision by the Commissioner of Social Security (Commissioner) dismissing her claim for disability insurance benefits. (*See* doc. 3 at 1; doc. 19 at 7.) In response, Commissioner argues that Plaintiff's complaint should be dismissed because she withdrew her request for a hearing.   (*See* doc. 20 at 2, 3-4.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction" and may *sua sponte* raise the issue at any time. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Section 405(g) of the Social Security Act provides that

[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). This right to judicial review is limited by Section 405(h), which conditions its availability "upon compliance with the procedures set forth in the Social Security Act, namely, the proper and timely exhaustion of administrative remedies at the agency level." *See Jones v. Social Security Admin.*, No. 15-06385, 2016 WL 7238390, at *1 (E.D. La. Nov. 14, 2016) (citing *Lejeune v. Mathews*, 526 F.2d 950, 952 (5th Cir. 1976)). "A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies." *Celestine v. Social Sec. Admin.*, 486 F. App'x 418, 419 (5th Cir. 2012), cert. denied, —— U.S. ——, 133 S.Ct. 2383 (2013) (citing 42 U.S.C. § 405(g) and *Heckler v. Ringer*, 466 U.S. 602, 617–18 (1984)). "This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law

3

Judge, and review by an Appeals Council." *Id.* (citing 20 C.F.R. § 416.1400(a) (explaining that

a decision by the Social Security Administrative only becomes final once the four-step process has

been completed); *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975); *Califano v. Sanders*, 430 U.S.

99, 108 (1977)). The four-step process, which is set out in 20 C.F.R. § 404.900, states:

> (1) Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.

> (2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

> (3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

> (4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

> (5) Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.

20 C.F.R. § 404.900. A claimant's failure to exhaust all administrative remedies before filing an

appeal deprives the court of subject-matter jurisdiction. *See Celestine*, 486 F. App'x at 419.

Here, Plaintiff claims that her attorney withdrew the request for a hearing before the ALJ

because she "would not succeed at the hearing level because of an issue with [her] alleged onset

date[.]" (doc. 19 at 5.) At the hearing, she was advised by her attorney and the ALJ of the effect

of proceeding versus withdrawing her request for a hearing, and she decided to "just go ahead and

drop the appeal." (*See* doc. 14-1 at 25-27.) Because Plaintiff withdrew her request for a hearing,

she failed exhaust to her administrative remedies, and the Court lacks subject-matter jurisdiction

over this case. *See Celestine*, 486 F. App'x at 419 (finding that the district court correctly concluded that that it did not have subject-matter jurisdiction over a *pro se* social security appeal because the claimant failed to exhaust his administrative remedies when he withdrew his hearing request).

## IV.   RECOMMENDATION

This action should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**SO RECOMMENDED, on this 31st day of August, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the dispute determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

``